*706 OPINION.
Scofield, J.,
delivered the opinion of the court:
At the trial of this case the following stipulation, signed by the counsel for the parties, was filed with the court:
' It is agreed that this case shall be argued and submitted to the court upon, the proofs already taken as laying the foundation for the judgment of the court as to the liability of the District of Columbia or claimant upon the various claims set forth in the imtition, and specified in the several abstracts, from A to S, filed with Exhibits A and B, or in the counter-claim, .and that in the event the court shall determine the liability of the District •or claimant for any or all the said claims above referred to, then the case shall be referred to a commissioner or master to ascertain and report, tQ the court the amount properly chargeable against the District of Columbia, or the claimant, if the court shall not be satisfied with the proofs of the counterclaim, upon such claims as the court may determine to be payable by the District of Columbia, such report to he subject to excex>tions, &c.
It was doubtless the purpose of this stipulation to avoid the necessity of taking evidence upon disputed claims, which might, •by some future ruling of the court, become useless.
We do not see how, consistently with the practice of the •court and the rules of the Supreme Court sent down for our .guidance, we eau execute the requirements of the stipulation. By the second paragraph of the first rule of the Supreme Court we are required to make a finding of facts “ and a separate •statement of the conclusions of law upon said facts.” In the fourth rule this court is required to “make aud file their findings of facts, and their conclusions of law thereon, in open court before or at the time they enter judgment in the case.”
It has been the practice of the court, as these rules seem to require, to find the facts first and state the conclusions of law afterwards. By the terms of this stipulation we are required to state conclusions of law, not upon facts found by the court, but upon undigested evidence — not especially for review by the ■Supreme Court, although subject to such review, but for the .guidance of counsel in the selection of evidence yet to be taken. It requires us to determine in advance the liability of the defendant upon fifteen different accounts presented by the claimant, each of which embraces a large number of items, which items are not all dependent upon the same rule of law; also to determine the liability of the claimant for the various accounts set out in the defendant’s counter-claim.
*707 The obstacle found in the rules of the Supreme Court could doubtless be obviated by a finding of facts after the report of the referee, and adopting, as conclusions of law thereon our present rulings. Some difficulty, however, might be experienced even here. Facts might appear in the report which would change the opinions already given, and thus would necessitate the taking of new evidence and further delay.
It is fair to presume that this case, involving large amounts and many questions of law, will be taken to the Supreme Court. In case of reversal the- evidence now omitted upon our premature rulings would necessarily have to be taken. Upon this evidence there would be another finding of facts and conclusions of law, upon which the case might be again carried to the Supreme Court. This would delay, by three or four years, the final judgment. If the evidence is all put in now, in case of reversal final judgment could be entered at once according to the instructions of the Supreme Court.
We do not deem it advisable in this case to depart from the practice of the court to make up the findings of facts after all the evidence has been presented, and from these findings draw the conclusions of law; but considering the stipulation in the nature of a joint motion for reference, the court awards a reference of the case to a referee, to be hereafter named, with instructions to take and state an account between the parties upon all the claims and counter-claims as provided in this stipulation, and report the same to the court.